IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| AMINO TRANSPORT, INC., CHARIOT EXPRESS, INC., and AMINO CHARIOT MANAGEMNET, LLC | § § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT
## OF THE
## UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights of 1991, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Joshua Male, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 11 through 19 below, Defendants Amino Transport, Inc., Chariot Express, Inc., and Amino Chariot Management, LLC discriminated against Male, in violation of Title VII, by retaliating against him for making complaints to Human Resources about co-workers' workplace remarks that Male perceived to constitute harassment based on race, sex, and religion. The unlawful retaliation included firing Male for pretextual reasons.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Amino Transport, Inc., has been a Texas corporation that has continuously been doing business in the State of Texas and the City of Sugar Land, and has continuously had at least 15 employees.  Amino Transport, Inc., may be served with process by serving its registered agent, William M. Stromberg, Jr., 4212 Green Meadow West, Colleyville, Texas 76034.

5. At all relevant times, Amino Transport, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Chariot Express, Inc., has been a Texas corporation that has continuously been doing business in the State of Texas, and has continuously had at least 15 employees.  Chariot Express, Inc., may be served with process by serving its registered agent, William M. Stromberg, 223 NE Loop 820, Suite 102, Hurst, Texas 76053.

7. At all relevant times, Chariot Express, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant Amino Chariot Management, LLC, has been a Texas limited liability company that has continuously been doing business in the State of Texas, and has continuously had at least 15 employees. Amino Chariot Management, LLC, may be served with process by serving its registered agent, William M. Stromberg, Jr., 223 NE Loop 820, Hurst, Texas 76053.

9. At all relevant times, Defendant Amino Chariot Management, LLC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Male filed a Charge of Discrimination with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Defendants constitute a joint employer and/or an integrated enterprise.

12. On or about July 2008, Defendants engaged in unlawful employment practices at their Sugar Land, Texas, facility, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

13. Around December 2007, Joshua Male began working for Defendants as a Sales Broker. Defendants purport to have a nine (9) month training program for newly hired Sales Brokers.

14. Around March 2008, when one of Defendants' Customer Service Representatives took leave, Mr. Male was assigned on a temporary basis to cover her responsibilities as well as

handling his assigned customers. The temporary duties assigned to Mr. Male involved assisting Brokers Brandon Hussey and Gabriel Sims.

15. Brian Hussey, the General Manager of Defendants' Sugar Land office, is Brandon Hussey's brother.

16. Around Tuesday, July 22, 2008, Male contacted the office's Human Resources Manager to report workplace comments being made by Brandon Hussey and Sims. The comments prompting Male's report included disparaging comments about a pregnant female co-worker, unflattering comments about females in general, racial comments about African-Americans, and persistent inappropriate "jokes" about Mormons that had been made frequently during the preceding months.

17. The following day, the Human Resources Manager advised General Manager Hussey about Male's report of inappropriate workplace comments.

18. By the end of the week, Defendants fired Male. Defendants presented Male with a letter dated July 25, 2008, which set forth four (4) putative reasons for his firing.

19. Defendants' stated reasons for firing Male are pretexts for unlawful discrimination. Defendants fired Male in retaliation for his good-faith complaints of discrimination and his opposition to unlawful employment practices.

20. The effect of the unlawful practices complained of in paragraphs 11 – 19, above, has been to deprive Male of equal employment opportunities and otherwise adversely affect his status as an employee because of discriminatory retaliation.

21. The unlawful employment practices complained of in paragraphs 12 -19, above, were intentional.

22. The unlawful employment practices complained of in paragraphs 16 – 19, above, were done with malice or with reckless indifference to the federally protected rights of Male.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in any retaliation in violation of Title VII against employees who make good-faith claims of discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who complain about workplace discrimination, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Male by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement, or alternatively front pay.

D. Order Defendants to make whole Male by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19, above, in amounts to be determined at trial.

E. Order Defendants to make whole Male by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19, above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Male punitive damages for Defendants' malicious and reckless conduct described in paragraphs 16 through 19, above, in amounts to be determined at trial.

5

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


  /s/ Timothy M. Bowne
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
S.D. Tex. No. 20023
Equal Employment Opportunity
     Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]
timothy.bowne@eeoc.gov

**COUNSEL FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002